UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JEREMY CHARLES PRICE** | **CASE NO.  2:21-CV-04422** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **IVY WOODS ET AL** | **MAGISTRATE JUDGE KAY** |

<u>**MEMORANDUM RULING**</u>

Before the Court is Defendants Naquan Senegal, Ferrol LeBlanc, and Carl Guillory's Motion for Partial Judgment on the Pleadings Pursuant to Rule 12(c) (Doc. 17), wherein Defendants move to dismiss all of Plaintiff Jeremy Rice's federal and Louisiana state law claims against them. Plaintiff opposes the Motion. Doc. 26. Defendants have replied. Doc. 29.

## I.   <u>BACKGROUND</u>

This action arises from an incident on December 29, 2020, at Plaintiff's marital residence located at 13277 Bellard Road, Jennings, Louisiana, where he was served with divorce papers and a temporary restraining order ("TRO") by Defendant Deputy Guillory and other unknown deputies who instructed Plaintiff that the TRO ordered him to immediately vacate the residence and premises. Doc. 9, pp. 4-5. Plaintiff asserts that Defendant Deputies' threat of arrest for noncompliance with the order to vacate restricted his freedom to act and committed seizure of his person in violation of his Fourth Amendment rights under the United States Constitution as well as his Article 1, Section 5 rights under the Louisiana Constitution of 1974. *Id.* at 5–6. Plaintiff further claims that he

had no forewarning that he would be ordered to vacate his home, and due to being emotionally upset and ambivalent, he thus obeyed the Deputies orders, leaving the residence with a few personal effects and his pet dog, and went to his father-in-law's residence. *Id.* at 6. Plaintiff claims he then returned to the martial residence to drop the dog off and gather some of his artist supplies before travelling to Lafayette to find a place to stay since he was working on a job there as an artist. *Id.*

Plaintiff claims that his wife learned of his return and called Jefferson Davis Parish Sheriff's Office ("JDSO") to report Plaintiff's return. *Id.* The JDSO dispatched Defendant Deputy Senegal to the father-in-law's house but Deputy Senegal did not observe Plaintiff there. *Id.* JDSO Dispatch then notified Deputy Senegal that Plaintiff had been seen at the marital residence. *Id.* at 6–7. Deputy Senegal went to the marital residence and spoke with a neighbor who informed Deputy Senegal that he observed Plaintiff at the marital residence. *Id.* Deputy Senegal was notified by Defendant Deputy LeBlanc that Plaintiff had been identified driving and detained on a traffic stop. *Id.* From these events, Plaintiff claims that Deputy LeBlanc conducted a warrantless traffic stop without probable cause, of which is an unreasonable and illegal seizure of Plaintiff's person in violation of the Fourth Amendment as well as Plaintiff's state right to be free from unreasonable seizures under Article 1, Section 5 of the Louisiana Constitution of 1974. *Id.* at 7. Plaintiff claims that Deputy LeBlanc asserted that the TRO prohibited Plaintiff from being at the marital residence and that Deputy Senegal arrested Plaintiff for the charges of criminal trespass in violation of Louisiana Revised Statutes section 14:63 and violation of a protective order in violation of Section 14:79. *Id.*

Plaintiff's truck was towed and placed in impound, he was transported to Jefferson Davis Parish Jail and booked. *Id.* at 9. Plaintiff alleges that Deputies Fox, McMillin, and other unknown deputy defendants refused to release him on bail despite pre-set amounts for his charges. *Id.* Plaintiff alleges he was released after six days of imprisonment. *Id.*

From these alleged events, Plaintiff argues he suffered damages and thus lodges the following claims for relief: Counts 1–5 under 42 U.S.C.§1983 against Deputies Guillory, LeBlanc, Senegal, Fox, McMillin and other unknown deputy defendants for Fourth Amendment violations from unreasonable seizure; Counts 6–7 under Section 1983 against Deputies Fox, McMillin and other unknown deputy defendants for Eighth Amendment violations from imposing excessive bail; and Count 8 under Section 1983 against Deputies Fox, McMillin and other unknown deputy defendants for Eighth Amendment violations from imposing cruel and unusual punishment; Count 9 against Defendant Sheriff Woods in his official capacity pursuant to Section 1983 and *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978) and its progeny for Counts 1-8; Counts 10–14 against Deputies Guillory, LeBlanc, Senegal, Fox, McMillin and other unknown deputy defendants for violation of Article 1, Section 5 of the Louisiana Constitution from unreasonable seizure; Counts 15–16 against Deputies Fox, McMillin and other unknown deputy defendants for violation of right to bail under Article 1, Section 18 of the Louisiana Constitution; Count 17 against Deputies Fox, McMillin and other unknown deputy defendants for violation of right to humane treatment under Article 1, Section 20 of the Louisiana Constitution; Count 18 against Deputy Guillory and unknown deputy defendants for illegal eviction under state law; Count 19 for against Deputy Guillory and unknown deputy defendants for assault

under state law; Count 20 against Deputy LeBlanc and Senegal for false arrest under state law; Count 21 against Deputy Senegal for batter under state law; Count 22 against Deputies Fox, McMillin and other unknown deputy defendants for false imprisonment under state law; Count 23 against unknown defendant deputies for defamation under state law; and Count 24 against all Defendants for intentional infliction of emotional distress under state law. *Id.* at 13–21.

## II. LEGAL STANDARD

"The standards in ruling upon motions to dismiss for failure to state a claim, under Fed. R. Civ. P. 12(b)(6), and for judgment on the pleadings, under Fed. R. Civ. P. 12(c), are the same." *Workman v. Calogero*, 174 F. App'x 824, 826 (5th Cir. 2006). Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. LAW & ANALYSIS

Here, Deputies Senega, LeBlanc, and Guillory move the court to dismiss Plaintiff's Section 1983 claims and claims against them based in tort and arising under the Louisiana Constitution. Doc. 17-1, p. 20. Plaintiff counters that dismissal is unwarranted because the TRO's scope neither gave Defendants the authority to remove him from the martial residence nor later arrest him for criminal trespass in violation of Louisiana Revised Statutes section 14:63 and violation of a protective order in violation of Section 14:79. Doc. 26, p. 10–11. This Motion will be ruled on without considering the Petition of Divorce.

The TRO orders Plaintiff not to harass, bother, threaten, stalk or abuse Ms. Price. Doc. 1-1, p. 3. It further orders Plaintiff to show cause why Ms. Price should not be awarded exclusive use of the 13277 Bellard Road residence, which is the rental property of Ms. Price's father. *Id.* at 3–4. Nonetheless, Plaintiff claims that the TRO is not a protective order under Louisiana Revised Statutes section 46:2135. Doc. 9, p. 5. Section 46:2135 (A) states:

> **Upon good cause shown in an ex parte proceeding, the court may enter a temporary restraining order, without bond**, as it deems necessary to protect from abuse the petitioner, any minor children, or any person alleged to be an incompetent. Any person who shows immediate and present danger of abuse shall constitute good cause for purposes of this Subsection. The court shall consider any and all past history of abuse, or threats thereof, in

determining the existence of an immediate and present danger of abuse. There is no requirement that the abuse itself be recent, immediate, or present.

(emphasis added).

Here, the TRO begins with the following: **"considering the foregoing pleadings: it is ordered, adjudged, and decreed that ex parte temporary custody is awarded in favor of [Ms. Price] for the minor child** . . . until the hearing scheduled in this matter." Doc. 17-2, p. 23 (emphasis added). The TRO further states: "a [TRO], without bond, directed at [Plaintiff], restraining, enjoining, and prohibiting him, or any other persons . . . from desposing of, alienating or encumbering any assets belonging to the community." *Id.* Also, the TRO states: "a [TRO] be issued . . . immediately without bond . . . prohibiting [Plaintiff] from harassing, bothering, threatening, stalking, or abusing [Ms. Price], until further order." *Id.* The TRO additionally orders Plaintiff to show cause why Ms. Price "should not be awarded sole custody and control of the minor child," why Plaintiff "should not be ordered to enter and successfully complete the Court ordered rehabilitation program," and why Ms. Price "should not be awarded exclusive use of the former matrimonial domicile located at 12377 Bellard Road." *Id.* at 24. The Court finds that the TRO issued by the 31st Judicial District Court, Jefferson Davis Parish, Jennings, Louisiana, is a protective order under Louisiana Revised Statutes section 46:2135 because the TRO's language closely tracks the text of the statute. For example, Section 46:2135(A)(4) states the order may include: "Prohibiting either party from the transferring, encumbering, or otherwise disposing of property . . . ," whereas the TRO "without bond, directed at [Plaintiff], restraining, enjoining, and prohibiting him, or any other persons . . . from

desposing of, alienating or encumbering any assets belonging to the community." Doc. 17-2, p. 23. Section 46:2135(A)(1) provides an order may "[d]irect[] the defendant to refrain from abusing, harassing, or interfering with the person," and, similarly, the TRO states: [Plaintiff] from harassing, bothering, threatening, stalking, or abusing [Ms. Price]." Doc. 17-2, p. 23.

As to the actions of Deputies Senega, LeBlanc, and Guillory on December 29, 2020, the Amended Complaint does not allege any intentional conduct by the deputies that caused him harm. Doc. 9. There was no struggle or physical force alleged; he complied and obeyed the directives of the deputies. *Id.* Section 1983 is not a negligence statute. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."). Furthermore, Section 1983 claims under the Fourth Amendment, made applicable to the states thought the Fourteenth Amendment's Due Process Clause, must be for unreasonable searches and seizures. *See Mapp v. Ohio*, 367 U.S. 643, 660 (1961). For example, in *Monroe v. Pape*, thirteen police officers arrived at James Monroe's Chicago apartment at 5:45 A.M. 365 U.S. 167, 169 (1961). The officers broke down the door, woke Monroe and his wife with flashlights, forced them at gunpoint to leave their bed and stand naked in their living. *Id.* at 169, 203. Then in front of his wife and children, one of the officers

> struck Mr. Monroe several times with his flashlight, calling him 'n****' and 'black boy'; that another officer pushed Mrs. Monroe; that other officers hit and kicked several of the children and pushed them to the floor; that the

> police ransacked every room, throwing clothing from closets to the floor, dumping drawers, ripping mattress covers.

*Id.* at 203. James Monroe was escorted to police quarters and held for ten hours on "open" charges while he was interrogated about a murder. *Id.* at 169, 203. The police did not have a warrant for the search or the arrest and refused Monroe permission to call his attorney. *Id.* What happened to Mr. Monroe and his family was unreasonable. By contrast, Plaintiff was served with divorce papers subject to a TRO from which he complied with Deputy Guillory's directives to leave the martial home. Accordingly, Plaintiff's Amended Complaint does not allege that any of Deputy Guillory's actions are unreasonable. Thus, the Section 1983 claims against Deputy Guillory and other unknown deputies cannot be sustained.

> Louisiana Revised Statutes section 2135(D) states:
>
> During the existence of the temporary restraining order, a party shall have the right to return to the family residence once to recover his or her personal clothing and necessities, provided that the party is accompanied by a law enforcement officer to ensure the protection and safety of the parties.

Plaintiff, however, returned unaccompanied by law enforcement. Doc. 9, p. 6. Ms. Price informed dispatch that Plaintiff was at the martial residence and, also, a neighbor informed Deputies Senegal, LeBlanc and Gotte that Plaintiff had returned to the marital residence. *Id.* Based on Plaintiff's Amended Complaint, the acts Deputies LeBlanc and Senegal took in the conduct of the traffic stop and arrest do not rise to the level of intentional or egregious conduct causing harm such that a Section 1983 claim is warranted. Moreover, the Plaintiff's Amended Complaint alleges that he went back to the house unsupervised, two witnesses observed him, and both relayed that information to law enforcement, resulting

in his traffic stop and arrest. *Id.* at 7–8. The Court finds that the officers were acting reasonably with probable cause because Plaintiff alleges Deputies LeBlanc and Senegal had knowledge that Plaintiff returned to the marital residence in violation of the TRO. Thus, based on the pleadings herein, Deputies LeBlanc and Senegal possessed enough particularized facts based on the totality-of-the-circumstances to lead a commonsense person of reasonable caution to believe that there is a fair probability of criminal activity. *See Illinois v. Gates*, 462 U.S. 213, 230–31 (1983). The Deputies had probable cause to stop and arrest Plaintiff based on violations of Sections 14:63 and 14:79. Consequently, the Court disagrees with Plaintiff's assertion that Deputies LeBlanc and Senegal actions were not based probable cause. Therefore, based on the pleadings, Plaintiff has no Section 1983 claims against Deputies LeBlanc and Senegal.

As to the state law claims, the facts and circumstances of the actions of Deputies Guillory, LeBlanc, and Senegal yield the same result: that there was neither an unreasonable search or seizure nor wrongful eviction nor false arrest nor battery nor intentional infliction of emotional distress. Plaintiff's arguments are premised on the validity of, and the Deputies actions pursuant to, the TRO. The Amended Complaint alleges that Plaintiff left the marital residence at the direction after Officer Guillory served him with the divorce papers, including the TRO. Thereafter, Plaintiff alleges that he returned to the marital residence unaccompanied by officers, in violation of the TRO and state law, which was observed and reported to law enforcement by two witnesses; hence, probable cause for Deputies LeBlanc and Senegal to make a traffic stop and arrest. In short,

based on the pleadings alone, Plaintiff's state law claims cannot be sustained against Deputies Guillory, LeBlanc, and Senegal, and shall be dismissed.

## IV. **CONCLUSION**

For the aforesaid reasons, Defendants Naquan Senegal, Ferrol LeBlanc, and Carl Guillory's Motion for Partial Judgment on the Pleadings Pursuant to Rule 12(c) (Doc. 17) will be **GRANED** and all federal and state law claims against Deputies Guillory, LeBlanc, and Senegal will be dismissed with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 27th day of March 2023.

*[Signature]*

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**